UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELLY ALLEN,

   Plaintiff,

Case No. 08-14106

Honorable Nancy G. Edmunds

v.

HENRY FORD HEALTH SYSTEM,

   Defendant.
             /

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION FILED ON FEBRUARY 16, 2010 [30]**

This matter comes before the Court on Plaintiff's pro se motion seeking to have the Court reconsider its February 8, 2010 order granting Defendant's motion for summary judgment [28]. Plaintiff's motion for reconsideration is DENIED.

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, the Court will not grant motions for reconsideration "that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."

Because Plaintiff's motion fails to satisfy the rule's requirements, it is DENIED. "Motions for reconsideration do not allow the losing party to repeat arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier." *Owner-Operator Independent Drivers Assoc. v. Arctic Express, Inc.,* 288 F. Supp.2d 895, 900 (S.D. Ohio 2003) (internal quotation marks and citations omitted).

Motions for reconsideration likewise do not allow the losing party to attempt to supplement the record with previously available evidence. *See Basinger v. CSX Transp., Inc.*, No. 94-3908, 1996 WL 400182, *3 (6th Cir. July 16, 1996) (where the Sixth Circuit held that it was "not an abuse of discretion for a district court to decline to consider a Rule 59(e) motion in which the movant attempts to submit evidence that was available at the time the movant was contesting a summary judgment motion") (citing Sixth Circuit decisions *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989); and *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122-23 (6th Cir. 1982)). Accordingly, this Court STRIKES the exhibits to Plaintiff's motion for reconsideration not previously submitted that address her 2006 EEOC charge[1] because, as this Court observed in its February 8, 2010 order, Plaintiff's counsel stipulated on the record during Plaintiff's deposition that the facts surrounding her prior EEOC charge and subsequent settlement had no bearing on the claims asserted in this lawsuit. (Pl.'s Dep. at 29, 47, 225.) Therefore, the Clerk of Court is directed to remove the stricken exhibits from the ECF system

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: February 18, 2010

---

[1]This includes Exhibits D-O, CC, PP, VV, YY, and ZZ.

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 18, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager